{¶ 37} I must respectfully dissent from the majority's disposition of the estate's cross-appeal.
{¶ 38} I disagree with the majority's conclusion that the trial court could deny the estate's motion for prejudgment interest without first conducting a hearing.
{¶ 39} The Ohio Supreme Court held in Galmish v. Cicchini,90 Ohio St.3d 22, 2000-Ohio-7, that a trial court must conduct a hearing on a motion for prejudgment interest.
 {¶ 40} R.C. 1343.03(C) requires that the trial court determine the issue of prejudgment interest "at a hearing held subsequent to the verdict or decision in the action." n3 Thus, "the trial court must hold a hearing on the motion [for prejudgment interest]." Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347.
{¶ 41} Id. at 25.
{¶ 42} Although the majority interprets the holding in Galmish to be that a sufficient hearing can be held by looking at the motion briefs alone, that is not the Court's holding. The trial court in Galmish did, in fact, conduct an oral hearing. The issue was the quality of the evidence taken at the hearing. The Supreme Court found that the trial court, in determining prejudgment interest, is not restricted to the oral arguments made at the hearing, but can also consider evidence submitted in the briefs and actions that occurred both before and during trial, of which the court was aware. Therefore, the holding in Galmish does not obviate the need for an oral hearing.
{¶ 43} The majority also cites Rose v. The Nat. Mut. Ins. Co. (1999), 134 Ohio App.3d 229, for the proposition that this court has not "interpreted the R.C. 1343.03(C) mandate that the issue of prejudgment interest be determined by a hearing to require an oral hearing." (Majority opinion at 17). However, Rose was a case in which the trial court awarded interest pursuant to R.C. 1343.03(A). Therefore, any analysis in the case dealing with R.C. 1343.03(C) is merely dicta. Moreover, no oral hearing was requested in Rose.
{¶ 44} I recognize that a hearing may not be required in cases where the motion is obviously not well taken, as this court held in Faziov. Meridian Ins. Co. (Apr. 9, 1998), Cuyahoga App. No. 73320 and Wernerv. McAbier (Jan. 13, 2000), Cuyahoga App. No. 75197, 75233. However, in the instant case, I do not find, as the majority does, that the motion was "obviously not well taken."
{¶ 45} The record indicates that the plaintiff made an offer of settlement in the amount of $2 million. The defense made no counteroffer despite the fact that plaintiff's counsel described the offer as "very negotiable." This court in Werner v. McAbier, supra, found that when either no settlement is offered or a counteroffer is not made, this can constitute lack of good faith to settle.
{¶ 46} Although the defense maintains that no counteroffer was made due to its belief that the doctor was not liable, a hearing was necessary to determine this issue given the evidentiary difficulties of the statements made in the doctor's records. In fact, the trial court did schedule a hearing, but when the matter had to be continued, the court decided the matter without a hearing.
{¶ 47} For the foregoing reasons, I do not agree with the majority that the trial court could deny the within motion without first conducting a hearing, and I would, therefore, reverse the trial court's denial of prejudgment interest and remand for a hearing.